FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 23, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KATHLEEN C.,[1] <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, <br> ACTING COMMISSIONER OF <br> SOCIAL SECURITY,[2] <br><br> Defendant. | No. 4:21-CV-05035-ACE <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS <br><br> **ECF Nos. 15, 19** |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 15, 19. Attorney Chad Hatfield represents Kathleen C. (Plaintiff); Special Assistant United States Attorney Jeffrey E. Staples represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names.

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

**REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff protectively filed an application for Supplemental Security Income on August 30, 2018, alleging disability since June 1, 2012. Tr. 15, 74, 157-76. The applications were denied initially and upon reconsideration. Tr. 94-98, 102-05. Administrative Law Judge (ALJ) Stewart Stallings held a hearing on June 18, 2020. Tr. 15, 30-63. The ALJ issued an unfavorable decision on September 2, 2020. Tr. 12-29. Plaintiff requested review by the Appeals Council and the Appeals Council denied the request for review on January 5, 2021. Tr. 1-6. The ALJ's September 2020 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on March 11, 2021. ECF No. 1.

## STANDARD OF REVIEW

The ALJ is tasked with "determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595,

1  599 (9th Cir. 1999).  If substantial evidence supports the administrative findings, or
2  if conflicting evidence supports a finding of either disability or non-disability, the
3  ALJ's determination is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th
4  Cir. 1987).  Nevertheless, a decision supported by substantial evidence will be set
5  aside if the proper legal standards were not applied in weighing the evidence and
6  making the decision.  *Brawner v. Sec'y of Health and Hum. Services*, 839 F.2d
7  432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

9  The Commissioner has established a five-step sequential evaluation process
10 for determining whether a person is disabled.  20 C.F.R. § 416.920(a); *Bowen v.*
11 *Yuckert*, 482 U.S. 137, 140-142 (1987).  In steps one through four, the claimant
12 bears the burden of establishing a prima facie case of disability benefits.  *Tackett*,
13 180 F.3d at 1098-1099.  This burden is met once a claimant establishes that a
14 physical or mental impairment prevents the claimant from engaging in past
15 relevant work.  20 C.F.R. § 416.920(a)(4).  If a claimant cannot perform past
16 relevant work, the ALJ proceeds to step five, and the burden shifts to the
17 Commissioner to show (1) that Plaintiff can perform other substantial gainful
18 activity and (2) that a significant number of jobs exist in the national economy
19 which Plaintiff can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1497-1498 (9th Cir.
20 1984); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).  If a claimant cannot
21 make an adjustment to other work, the claimant will be found disabled.  20 C.F.R.
22 § 416.920(a)(4)(v).

## ADMINISTRATIVE FINDINGS

24 On September 2, 2020 the ALJ issued a decision finding Plaintiff was not
25 disabled as defined in the Social Security Act.  Tr. 12-29.
26 At step one, the ALJ found Plaintiff had not engaged in substantial gainful
27 activity since August 30, 2018, the date the application was filed.  Tr. 17.

At step two, the ALJ determined Plaintiff had the following medically determinable impairments: fibromyalgia/chronic pain syndrome, migraines, lumbar degenerative disc disease, peripheral neuropathy, and a depressive disorder. *Id*.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 18.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found that she could perform light work, with the following nonexertional limitations:

> [Plaintiff] would need the ability to alternate between sitting and standing at will approximately every thirty minutes for about 5 minutes while remaining at the workstation. She could never climb ladders, ropes, or scaffolds; occasionally climb ramps and stairs; and occasionally stoop, crouch, kneel and crawl. She should avoid extreme cold, moving dangerous machinery, and unprotected heights. She would need low stress work (e.g., no production pace, conveyor belt-type work). She would need a predictable work environment with occasional simple workplace changes and work that involves no more than brief superficial interaction with the public, coworkers, and supervisor[s]. During any training period, additional interaction with supervisors and coworkers is acceptable.

Tr. 19-20.

At step four, the ALJ found that Plaintiff was unable to perform past relevant work. Tr. 23.

At step five, the ALJ found that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that existed in significant numbers in the national economy, including the jobs of: inspector and hand packager; small products assembler; and garment sorter. Tr. 23-24.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the date her application was filed through the date of the decision. Tr. 25.

**ISSUES**

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability insurance benefits under Title XVI of the Social Security Act. The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff raises the following issues for review: (1) whether the ALJ conducted a proper step-three analysis; (2) whether the ALJ properly considered Plaintiff's symptom claims; and (3) whether the ALJ conducted a proper step-five analysis. ECF No. 15 at 7.

**DISCUSSION**

**A.    Step Three**

Plaintiff argues the ALJ failed to properly consider listing 1.04A, failed to discuss listing 14.09D, summarily concluded that Plaintiff did not meet a listed impairment, and failed to consider the combined effects of Plaintiff's impairments. ECF No. 15 at 9-14.

At step three of the sequential evaluation process, the ALJ considers whether one or more of the claimant's impairments meets or equals an impairment listed in Appendix 1 to Subpart P of the regulations. 20 C.F.R. § 416.920(a)(4)(iii). Each Listing sets forth the "symptoms, signs, and laboratory findings" which must be established for a claimant's impairment to meet the Listing. *Tackett*, 180 F.3d at 1099. If a claimant meets or equals a Listing, the claimant is considered disabled without further inquiry. 20 C.F.R. § 416.920(d).

"To *meet* a listed impairment, a claimant must establish that he or she meets each characteristic of a listed impairment relevant to his or her claim." *Tackett*, 180 F.3d at 1099 (emphasis in original); 20 C.F.R. § 416.925(d). "To *equal* a listed impairment, a claimant must establish symptoms, signs and laboratory findings 'at least equal in severity and duration' to the characteristics of a relevant listed impairment . . . ." *Tackett*, 180 F.3d at 1099 (emphasis in original) (quoting

20 C.F.R. § 404.1526(a)); 20 C.F.R. § 416.926(a).  "If a claimant suffers from multiple impairments and none of them individually meets or equals a listed impairment, the collective symptoms, signs and laboratory findings of all of the claimant's impairments will be evaluated to determine whether they meet or equal the characteristics of any relevant listed impairment." *Id*.  However, "[m]edical equivalence must be based on medical findings," and "[a] generalized assertion of functional problems is not enough to establish disability at step three." *Id*. at 1100 (quoting 20 C.F.R. § 404.1526(a)); 20 C.F.R. § 416.926(a).

"An ALJ must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment.  A boilerplate finding is insufficient to support a conclusion that a claimant's impairment does not [meet or equal a listing]." *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001).  However, the ALJ is not required to state why a claimant fails to satisfy every section of the listings if the ALJ adequately evaluates the evidence; and while the ALJ must discuss and evaluate the evidence that supports the ALJ's conclusions, the ALJ need not do so under any particular heading. *See Gonzalez v. Sullivan*, 914 F.2d 1197, 1200-01 (9th Cir. 1990); *Lewis*, 236 F.3d at 513.  Additionally, "[a]n adjudicator's articulation of the reason(s) why the individual is or is not disabled at a later step in the sequential evaluation process will provide [a] rationale that is sufficient for a subsequent reviewer or court to determine the basis for the finding about medical equivalence at step 3." Social Security Ruling (SSR) 17-2P, 2017 WL 3928306, at *4 (effective March 27, 2017).

Here, the ALJ found Plaintiff's impairments, considered singly and in combination, did not meet or equal the criteria of any listed impairment.  Tr. 18. The ALJ did not discuss the criteria of any listing, but noted he considered "all of the listings . . . paying particular attention to Listing 1.02 (Major dysfunction of a joint(s) due to any cause), Listing 1.04 (Disorders of the Spine), Listing 11.02 (epilepsy) and Listing 11.14 (peripheral neuropathy). *Id*.  The ALJ concluded "the

medical evidence does not document listing-level severity" and noted "no acceptable medical source had mentioned findings equivalent in severity to the criteria of any listed impairments, individually or in combination." *Id*.

Plaintiff contends the ALJ erred by failing to properly consider listing 1.04A because there is evidence Plaintiff met the requirements for the listing, which the ALJ did not discuss; and that the ALJ erred in failing to consider listing 14.09D, for fibromyalgia, and failed to assess the combined effects of Plaintiff's impairments. ECF No. 15 at 11-14. Defendant contends the ALJ reasonably concluded that Plaintiff's impairments were not per se disabling, he explained his conclusions elsewhere in the decision, and Plaintiff has failed to show the ALJ erred. ECF No. 19 at 10-14.

The Court finds the ALJ did not provide adequate summary or evaluation of relevant evidence at step three or elsewhere in the decision, and such analysis is necessary to determine whether Plaintiff met or equaled a listing. While the ALJ briefly discussed Plaintiff's back impairment elsewhere in the decision, he failed to discuss medical evidence relevant to the listing. Tr. 21.

Listing 1.04A,[3] concerns:

> Disorders of the Spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in comprise of a nerve root . . . or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor-loss (atrophy with associated muscle weakness or muscle weakness) accompanied by

---

[3] As of April 2, 2021, listing 1.04 was removed and replaced with Listing 1.15, 1.16. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 (April 2, 2021). The Court applies the listing that was in effect at the time of the ALJ's decision.

sensory or reflex loss, and if there is involvement of the lower back, positive straight-leg raise test (siting and supine);

20 C.F.R. Pt. 404, Subpt. P, App. 1, 1.04A.

The ALJ did not discuss evidence relevant to the listing at step three. Tr. 18. Elsewhere in the decision, the ALJ briefly discusses Plaintiff's physical impairments, including her back impairments. Tr. 21. An ALJ must, however, consider all of the relevant evidence in the record and may not point to only those portions of the records that bolster his findings. *See, e.g., Holohan v. Massanari*, 246 F.3d 1195, 1207-08 (9th Cir. 2001) (holding that an ALJ cannot selectively rely on some entries in plaintiff's records while ignoring others). Here, the ALJ noted "lumbar imaging has shown only mild to moderate degenerative disc disease" and acknowledged "an October 2015 nerve conduction study and EMG study evidence[d] lumbar L5 radiculopathy." Tr. 21. The ALJ then concluded that Plaintiff has "consistently presented . . . with full range of motion of the upper and lower extremities, no motor or sensory deficits, 5/5 strength throughout, intact cranial nerves, a normal gait and station, negative straight leg raises, etc." *Id*.

The Court finds the ALJ's analysis insufficient. As Plaintiff points out, records show a history of chronic, progressive back pain radiating to both legs with weakness in the lower extremities, objective findings of impaired sensation upon nerve conduction study/EMG testing, and positive straight leg raise testing; and MRI findings include a mild disc bulge at L4-L5 that narrows both lateral recess contacting the bilateral L5 nerve roots, moderate bilateral foraminal narrowing at L4-L5, and moderate bilateral degenerative facet disease at L4-L5. ECF No. 15 at 11-13; *see e.g.*, Tr. 380, 383, 385-86, 352, 353, 434, 759, 771, 813. Records also show reduced range of motion and tenderness of the lumbar spine, antalgic gait, and other relevant findings that are inconsistent with the ALJ's summary of the medical evidence. *See e.g.*, Tr. 380, 352, 353, 759, 771, 813.

The ALJ cited to evidence that tended to support his conclusions when review of the record as a whole shows more mixed findings, including evidence the ALJ did not discuss that directly pertains to the listing, such as the MRI findings and evidence of positive straight leg raise testing. *See e.g.*, Tr. 302, 386, 549-50.  Additionally, in support of the conclusion that records show generally normal findings, the ALJ cited primarily to mental health or other appointments unrelated to Plaintiff's back issues and skipped records related to her back issues, resulting in a mischaracterization of the record.  Tr. 21.  For example, to support unremarkable physical exam findings the ALJ cites to multiple mental health visits and office and ER visits for unrelated issues, including citation two times in the same string of cites to an ER visit for a tooth abscess/tooth pain.  Tr. 21 (citing e.g., Tr. 271, 275, 281, 307, 321, 357, 363, 371, 816, 861, 940-41).  The ALJ does not cite to relevant findings within the same set(s) of records that support listing level severity, for example, bilateral positive straight leg raise, musculoskeletal tenderness and pain, decreased lumbar range of motion, and lower extremity weakness.  *See, e.g.*, Tr. 353, 759.  Notably, some of the cites the ALJ lists to support his conclusion Plaintiff has consistently presented with normal findings include relevant abnormal findings including antalgic gait, evidence of radiculopathy on EMG testing, musculoskeletal tenderness and pain upon lumbar range of motion testing, along with comments from a provider that imaging showed "potential impingement of exiting left L4 nerve root from [neural foraminal] stenosis," and repeat assessment of chronic pain related to degenerative changes of the low back.  *See e.g.*, Tr. 291, 339-40, 353, 386, 402, 425-26, 792.

Additionally, the ALJ selectively cites Plaintiff's reporting of pain level.  In January 2017, for example, she reported pain "4/10 now, 6/10 on average, 8/10 at the worst."  Tr. 380.  While the ALJ found that Plaintiff reported "mild to moderate 3-4/10 pain since 2018," Tr. 22, records from February 2019, for

example, show she reported pain at 6/10 that day with an average of 7/10 that week. Tr. 921.

The ALJ's conclusion that the medical evidence does not document listing-level severity is not supported by substantial evidence. The ALJ failed to adequately evaluate relevant evidence or provide sufficient rational for the Court to determine the basis for step three findings in relation to at step three or elsewhere in the decision.

Plaintiff contends the ALJ also erred in failing to mention listing 14.09D in accordance with SSR 12-2 when assessing Plaintiff's fibromyalgia, and that he erred in failing to properly consider the combined effects of her impairments. ECF No. 15 at 14. The ALJ is instructed to reconsider all medical evidence and make additional step three findings as warranted.

Upon remand, the ALJ is instructed to reevaluate all medical evidence with the assistance of medical expert testimony, reconsider whether Plaintiff's impairments meet or equal a listing and to set forth an analysis of the relevant listing(s). The ALJ is instructed to further develop the record, if necessary, with a consultative examination.

**B.    Symptom Claims**

Plaintiff contends the ALJ erred by improperly rejecting Plaintiff's subjective complaints. ECF No. 15 at 14-20.

It is the province of the ALJ to make determinations regarding a claimant's subjective statements. *Andrews,* 53 F.3d at 1039. However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be

"specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester* at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

Here, the ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 21.

*1. Inconsistent with Objective Medical Evidence*

The ALJ found Plaintiff's allegations were not consistent with objective findings. Tr. 21-22. An ALJ may not discredit a claimant's symptom testimony and deny benefits solely because the degree of the symptoms alleged is not supported by objective medical evidence. *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989); *Burch,* 400 F.3d at 680. However, the objective medical evidence is a relevant factor, along with the medical source's information about the claimant's pain or other symptoms, in determining the severity of a claimant's symptoms and their disabling effects. *Rollins*, 261 F.3d at 857; 20 C.F.R. § 404.1529(c)(2).

As discussed in relation to step three, *supra*, the ALJ failed to discuss relevant medical evidence and selectively cited evidence that tended to support nondisability. The ALJ's conclusion that Plaintiff's allegations were not consistent with objective findings is therefore also not legally sufficient.

*2. Other reasons*

The ALJ gave other reasons to discount Plaintiff's subjective symptom claims. Having determined a remand is necessary to readdress the medical

evidence at step three, any reevaluation must necessarily entail a reassessment of Plaintiff's subjective symptoms claims. Thus, the Court declines to further address this issue, and on remand the ALJ must also carefully reevaluate Plaintiff's symptom claims in the context of the entire record.

### C. Step Five

Plaintiff contends the ALJ erred by relying on an incomplete hypothetical to the vocational expert. ECF No. 15 at 20. As the case is being remanded for the ALJ to reconsider the medical evidence at step three and Plaintiff's subjective complaints, the ALJ is also instructed to perform the five-step analysis anew, including reconsidering the step-five analysis.

### CONCLUSION

The ALJ's decision is not supported by substantial evidence. Plaintiff argues the ALJ's decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen*, 80 F.3d at 1292. The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination to be made.

Upon remand, the ALJ is instructed to reevaluate all medical evidence with the assistance of medical expert testimony, reconsidering whether Plaintiff's impairments meet or equal a listing and setting forth an analysis of the relevant listing(s). The ALJ shall reconsider Plaintiff's subjective complaints and make new findings on each of the five steps in the sequential process. The ALJ should order a consultative examination, if necessary, and is to take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 19**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

DATED January 23, 2023.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE